LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

*Attorneys for Defendant*
*PORTFOLIO RECOVERY ASSOCIATES, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRBY SPENCER,<br><br>            Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, A Foreign Limited-Liability Company and DOES I-X; and ROE CORPORATIONS, I-X, Inclusive,<br><br>            Defendant. | CASE NO.: 2:14-cv-01217-MMD-PAL<br><br>**ANSWER TO COMPLAINT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC** |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by Plaintiff KIRBY SPENCER ("Plaintiff"):

## INTRODUCTION

1. In answering paragraph 1 of the Complaint, Defendant avers that no response is required of it.

## JURISDICTION AND VENUE

2. In answering paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and that Plaintiff alleges supplemental jurisdiction exists for the state law claims under 28

U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.     In answering paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges personal jurisdiction over the Defendant is established. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.     In answering paragraph 4 of the Complaint, Defendant admits that Plaintiff alleges that venue is proper in this District Court pursuant to 47 U.S.C. § 227(b)(3), (c)(5). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore denies the same as untrue.

5.     In answering paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

## PARTIES

6.     In answering paragraph 6 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff resides in Las Vegas, Nevada, and on that basis denies the allegation.

7.     In answering paragraph 7 of the Complaint, Defendant denies these allegations.

8.     In answering paragraph 8 of the Complaint, Defendant admits that it is a Limited Liability Company that engages in the collection of receivables with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.     In answering paragraph 9 of the Complaint, Defendant denies these allegations.

/ / /

/ / /

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
(702) 382-1500

## STATEMENT OF FACTS

10. In answering paragraph 10 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 9, inclusive, as if fully set forth herein.

11. In answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12. In answering paragraph 12 of the Complaint, upon information and belief, Defendant admits the allegations contained therein.

13. In answering paragraph 13 of the Complaint, upon information and belief, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and on that basis denies these allegations.

## CLAIM FOR RELIEF

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

14. In answering paragraph 14 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. In answering paragraph 15 of the Complaint, Defendant avers that Section 227(b)(3)(A) of the TCPA is self explanatory and as such, no response is required of it.

16. In answering paragraph 16 of the Complaint, Defendant avers that Section 227(b)(3)(B) of the TCPA is self explanatory and as such, no response is required of it.

17. In answering paragraph 17 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and on that basis denies these allegations.

18. In answering paragraph 18 of the Complaint, Defendant avers that The Act is self explanatory and as such, no response is required of it.

19. In answering paragraph 19 of the Complaint, Defendant denies these allegations.

20. In answering paragraph 20 of the Complaint, Defendant denies these allegations.

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
(702) 382-1500

21. In answering paragraph 21 of the Complaint, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times in his dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, although under a legal obligation to do so, failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

///

///

///

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
(702) 382-1500

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed to by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to sue.

/ / /

/ / /

/ / /

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
(702) 382-1500

WHEREFORE, Defendant requests judgment as follow:

1. That Plaintiff take nothing by virtue of his Complaint, which should be dismissed with prejudice;
2. That Defendant recover from Plaintiff costs according to proof;
3. That Defendant recover attorney's fees according to proof; and
4. For such other relief as the Court may deem just and proper.

DATED this 25 day of July, 2014.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

/s/ Jessica Green

JOSEPH P. GARIN, ESQ. (Bar No. 6653)
JESSICA A. GREEN, ESQ. (Bar No. 12383)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

*Attorneys for Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC*

Lipson, Neilson, Cole, Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
(702) 382-1500

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2014, service of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ.P.5(b)(3), and Local Rule 5-4, as follows:

Craig K. Perry, Esq.
Craig K. Perry & Associates
8010 W. Sahara Avenue, Suite 260
Las Vegas, NV 89117

*Attorney for Plaintiff*

_____
An employee of
LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.